NOT DESIGNATED FOR PUBLICATION

No. 121,594

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RANDAL J. LONG,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; TIMOTHY J. CHAMBERS, judge. Opinion filed March 13, 2020. Affirmed.

Submitted for summary disposition under K.S.A. 2019 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Randal J. Long appeals the district court's decision revoking his probation and ordering him to serve his original sentence. We granted Long's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State has filed no response.

On October 25, 2018, Long was found guilty at a bench trial on stipulated facts of one count of possession of methamphetamine and one count of possession of drug paraphernalia. On November 20, 2018, the district court imposed a controlling sentence of 18 months' imprisonment. The district court could have ordered Long to serve his sentence because he committed the crimes while on felony probation and it was his third

1

or subsequent felony drug conviction. Instead, the district court placed Long on probation for 12 months to be supervised by community corrections.

At a hearing on June 20, 2019, the district court found that Long had violated the conditions of his probation by committing the new crimes of possession of methamphetamine, possession of drug paraphernalia, and driving while suspended. The district court revoked Long's probation and ordered him to serve his original sentence. Long timely appealed.

On appeal, Long claims the district court abused its discretion when it revoked his probation and imposed the sentence because it was his first probation violation and he would have benefited more from drug treatment or an intermediate sanction. But Long concedes that the district court can revoke a probation without imposing an intermediate sanction if the offender commits a new crime while on probation.

The procedure for revoking a defendant's probation is governed by K.S.A. 2019 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

As Long concedes, the district court did not have to impose an intermediate sanction because he committed new crimes while on probation. See K.S.A. 2019 Supp. 22-3716(c)(7)(C). In revoking Long's probation, the district court stated:

"At some point in life, Mr. Long, you only get so many chances and I gave you a chance that the law says I wasn't required to give you the last time and you got caught with methamphetamine again now for the fourth time. The court orders the sentence executed. Maybe being in prison will get you off methamphetamine."

A reasonable person could agree with the district court's decision. The district court's decision to revoke Long's probation was not arbitrary, fanciful, or unreasonable, and it was not based on an error of fact or law. Long has failed to show that the district court abused its discretion by revoking his probation and ordering him to serve his original prison sentence.

Affirmed.